UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

Michael Jacques Jacobs,

    Debtor.                                                              No. 13-12-14163-TA

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO VACATE DISMISSAL

The Court dismissed Debtor's Chapter 13 case on January 7, 2013 because he had not filed most of his bankruptcy schedules, or his statement of financial affairs, within the 45 day deadline set by 11 U.S.C. § 521(i)(1). Debtor moved to vacate the dismissal.[1] For the reasons set forth below, the Court denies the Motion. This is a core proceeding.

### I.     BACKGROUND

Debtor and his wife Ruby Jacobs have been involved in four bankruptcy cases in this district, of which this is the most recent. The first case was *In re Rio Grande Studios, LLC*, case no. 11-13639 TA, filed August 11, 2011. The case was filed as a Chapter 11, but was converted to a Chapter 7 case on June 14, 2012 by stipulation of the debtor and the U.S. Trustee's office.[2]

Ms. Jacobs next filed an individual chapter 7 case on October 28, 2011, no. 7-11-14707-JA. Ms. Ruby received a Chapter 7 discharge February 21, 2012. She disclosed Debtor as a non-filing spouse.

---

[1] Motion to Vacate Dismissal, filed January 18, 2013, doc. 26 (the "Motion to Vacate").
[2] The case was closed in September, 2012 after the case trustee concluded there were no assets available for creditors.

Ms. Jacobs filed the third case (a chapter 13) on February 28, 2012, no. 13-12-10748-JA. She disclosed Debtor as a non-filing spouse in this case as well. The case was dismissed June 7, 2012, because Ms. Jacobs did not file an amended plan or amended schedules, did not comply with 11 U.S.C. §§ 521(a)(1)(B)(iv) and 521(e)(2)(A), and did not comply with the Court's order.

Finally, Debtor filed the above-captioned case on November 13, 2012.[3]

The Chapter 13 Trustee moved to dismiss the case on December 4, 2012, doc. 11, based on Debtor's failure to file a Chapter 13 plan, schedules, and/or statements, and because Debtor allegedly failed to cooperate with the trustee or provide the documents and information pursuant to § 521(a)(3) and (4).

The next day the Clerk's Office sent Debtor a Notice of Failure to File Information Which May Result in Automatic Dismissal, doc. 13, notifying Debtor that the Court would dismiss the case after December 28, 2012 if Debtor did not file all documents required by § 521(a)(1).[4]

On December 27, 2012, Debtor filed a Motion for Order Extending Time, doc 18 (the "Extension Motion"), seeking an unspecified extension of time to file his schedules and statement of financial affairs, and to file a Chapter 13 plan. In the Extension Motion the Debtor also asked the Court to reschedule the § 341 meeting.

---

[3] Debtor disclosed Ms. Jacobs as a non-filing spouse. Doc. 2.
[4] The notice included the following language: "NOTE: A timely motion by the debtor for an extension of time filed pursuant to 11 U.S.C. § 521(i)(3) might not prevent dismissal of the case. See § 521(i)(1)."

The Court entered an Order Confirming Automatic Dismissal of Bankruptcy Case on January 7, 2013, doc. 21 ("Dismissal Order"). The dismissal was effective as of December 29, 2012. The deficiencies noted in the Dismissal Order were:

- Schedule B;
- Schedule E;
- Schedule F;
- Schedule H;
- Schedule I
- Schedule J;
- Summary of Schedules;
- Statistical Summary of Certain Liabilities;
- Statement of Financial Affairs; and
- Statement of current monthly income and disposable income calculation.

## II. LEGAL STANDARDS

The Motion to Vacate does not recite whether it is brought under Bankruptcy Rule 9023, incorporating Fed.R.Civ.P. 59, or Bankruptcy Rule 9024, incorporating Fed.R.Civ.P. 60(b). Because the Motion to Vacate was filed within 14 days after entry of the Dismissal Order, either rule could be invoked. In this particular case, which Rule applies does not make a difference to the outcome.

The fairest reading of the Motion to Vacate is that (i) Debtor filed the Extension Motion before the 45-day deadline set out in §521(i)(1); (ii) the Extension Motion was meritorious and would have been granted; and (iii) had the motion been heard and granted, Debtor's case would not have been dismissed. The Court agrees with the logic of the argument, and therefore would grant the Motion to Vacate, under either Rule 59(e) or Rule 60, were the Court to find that the Extension Motion had merit.

III. DISCUSSION

A. Before Dismissal, the Court Had the Discretion to Extend the Deadlines. 11 U.S.C. § 521(i)(1) provides:

> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i)(3) provides:

> Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

It is clear that § 521(i)(3) gives the Court the authority to extend the 45-day deadline in §521(i)(1) for up to an additional 45 days. *See Hamilton v. Lanning*, 130 S. Ct. 2464, 2483, n. 5 (2010) (in his dissenting opinion on another issue, Justice Scalia acknowledged the bankruptcy court's authority to grant up to a 45-day extension).

B. The Extension Motion was Timely Filed. Debtor filed the Extension Motion December 27, 2012, 44 days after the petition date. Under §521(i)(3), the Extension Motion Motion was timely filed. Further, § 521(i)(3) does not require that an order granting an extension motion be entered within the original 45-day deadline.[5] The Court therefore

---

[5] *Cf.* 11 U.S.C. § 365(d)(1) (order extending deadline to assume or reject executory contract must be entered within the original 60-day deadline), and § 1121(3)(C) (small business debtor plan filing deadlines can be extended only if the extension order is entered before expiration of the initial deadlines).

Case 12-14163-t13    Doc 27    Filed 01/30/13    Entered 01/30/13 16:52:16 Page 4 of 8

concludes that it had the authority to grant the Extension Motion and prevent automatic dismissal, even if it had entered an extension order after December 28, 2012. On the other hand, had Debtor filed the Extension Motion after December 28, 2012, dismissal likely was both unavoidable and irreversible. *See e.g., In re Fawson*, 338 B.R. 505 (Bankr. D. Utah 2006).[6]

        C.      <u>There Was No Justification for Granting the Extension Motion</u>. The Court has reviewed the Extension Motion, the Motion to Vacate, and the other documents filed in this case and the related bankruptcy cases. Based on the review, the Court finds that Debtor provided no justification for granting the Extension Motion, so the Court would have denied the motion had it been heard before January 7, 2012. Granting the Extension Motion would not have been justified because:

- Debtor did not file a Chapter 13 plan by the November 27, 2012 deadline, *see* Bankruptcy Rule 3015(b), and did not seek an extension of time to file a plan until a month thereafter;[7]

- Debtor was required to make plan payments starting by no later than December 13, 2012, *see* § 1326(a)(1), but apparently did not do so;

- Debtor applied to pay the $281 filing fee in installments, representing to the Court he was unable to pay the fee on the petition date. Instead, Debtor asked to pay the fee

---

[6] There is a split of authority about whether the Court could decline to dismiss a case, despite the debtor's failure to comply with the 45-day deadline imposed by § 521(i)(1), to avoid an abuse of the bankruptcy process. Compare *Fawson* and *In re Ott*, 343 B.R. 264 (Bankr. D. Colo. 2006) with *In re Acosta-Rivera*, 557 F.3d 8 (1st Cir. 2009) and *In re Warren*, 568 F.3d 1113, 1119 (9th Cir. 2006). The Court does not take a position on this issue, which is not before it.

[7] Bankruptcy Rule 3015(b) allows the Court to extend the deadline to file a Chapter 13 plan upon "cause shown." Debtor has given no reason why he could not have filed a Chapter 13 plan within the specified deadline.

-5-

fee over a four-month period. This indicates that Debtor had no substantial regular income, and likely would have been unable to make plan payments;

- In Ms. Jacob's chapter 7 case, she averred that she and Mr. Jacobs were unemployed and had no income in 2009, 2010, or 2011. She also stated that a security business they owned was worth $1.00 and lost money. In her Chapter 13 case, on the other hand, Ms. Jacobs averred that she made $10,000 per month (including $4,000 per month from the allegedly worthless security business) and that Debtor made $6,000 per month;

- The serial filing of four bankruptcy cases concerns the Court, especially since the last three cases were not filed jointly by Debtor and his wife, but by one or the other. Such a "tag-team" approach to serial bankruptcy filings raises questions;

- The reason Debtor gave in the Extension Motion for needing more time is that he "has had nary a moment to 'breathe' for the past two months which severely affected his ability to timely fill out and file the required forms and statements . . . ."). Extension Motion, p. 3, ¶ 16. This is not persuasive;

- Furthermore, the Motion to Vacate alleges that "Due to the loss of the building and removal of all paperwork into storage, Debtor cannot find material to assist in the providing of documents for his Chapter 13." Motion to Vacate, p. 2.[8] This is a different different justification for failing to comply with § 521 than the one in the Extension Motion;

- The Motion to Vacate was filed 66 days after the petition date. The absolute, non-extendable deadline to file the required § 521(a)(1) information is 90 days after the petition date, *see* 11 U.S.C. § 521(i)(3), or February 11, 2013. Since Debtor implies in the Motion to Vacate that he doesn't know when the necessary material will be available to allow him to complete and file the required § 521(a)(1) information, there seems to be little point in granting the Motion to Vacate;

- If the case were reinstated, Debtor would be delinquent in making plan payments. Debtor has given the Court no reason to think he is willing or able to catch up on any required plan payments;

- Ms. Jacob's chapter 13 case was dismissed for the same reasons the Clerk's Office dismissed this case, i.e. failure to comply with the §521 requirements. That unfortunate coincidence indicates that Debtor and his wife were eager to obtain the benefit

---

[8] Debtor also states: "Due to the loss of our film studio, and the need to remove documents from the facility, all have not been readily available. This was the main reason for not being able to provide, and was the reason we filed a Motion to Extend Time." Motion to Vacate, p. 3.

-6-

of the automatic stay, but were much less eager to discharge their responsibilities as pro se debtors.

In light of the foregoing, the Court concludes that there is insufficient justification for granting the Extension Motion, and also that doing so would only have delayed for a short period of time the eventual dismissal of the case.

D.  <u>Since the Extension Motion Would Have Been Denied, the Motion to Vacate Lacks Merit</u>.  The sole basis for the Motion to Vacate is that the Court would have granted the Extension Motion, thus preventing case dismissal.  Since the Court would not have granted the Extension Motion, it is clear the Motion to Vacate is not well taken, under either Rule 59 or Rule 60, and should be denied.

## IV.    <u>CONCLUSION</u>

The Court tries to work with pro se debtors when it appears they are doing their best to comply with the Bankruptcy Code and Bankruptcy Rules.  Here, there is little indication that Debtor is making the necessary effort, or that such effort, if made, would have resulted in a successful Chapter 13 case.  For the reasons set forth above, the Court finds that there was no justification for granting the Extension Motion, and that the Court would not have granted the motion had it been heard before January 7, 2012.  The Court therefore finds that the Motion to Vacate lacks merit and should be denied.  A separate order will be entered.

Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: January 30, 2013.

Copies to:

Michael Jacques Jacobs
P.O. Box 91537
Albuquerque, NM 87199

Kelly Skehen
625 Silver Ave., NW, #350
Albuquerque, NM 87102